IN RICHMOND SUPERIOR COURT.

## WILLIAM J. HOBBY *vs.* ATTON H. PEMBERTON.

### *Judgment on Foreclosure of Mortgage and rule nisi against Sheriff.*

If a mortgage be taken to secure the payment of two notes, becoming due at different times, and the mortgagee foreclose and sell upon the first note that becomes due, and the mortgaged property be sold for more than enough to pay the note on which foreclosure is made, the surplus in the sheriff's hands is discharged from the special lien; and if other creditors of the mortgagor obtain judgment in the ordinary course of law before the mortgagee forecloses upon the second note, the surplus shall be paid over to them according to date.

THIS money has been retained by the sheriff to await the judgment of the court upon the claim to it, which is contested between the plaintiff and a junior judgment creditor. The facts appear to be these. Plaintiff was mortgagee of certain real estate in Augusta, mortgaged to secure the payment of several notes. When one of them became due, he applied for and obtained a rule *nisi*, and in due course of law a rule absolute for foreclosure of the mortgage for the sum due ; upon which judgment of foreclosure he sued out execution and caused a sale of the mortgaged premises. The proceeds of the sale exceeded the sum due by a considerable amount, which excess is the money now in dispute.

Subsequently to the date of the mortgage, judgment was rendered against the mortgagor in the ordinary course of judicial proceedings, and afterwards another of the notes secured by the mortgage becoming due, the mortgagee sued for a second rule *nisi*, which rule was made absolute for the sale of the same mortgaged premises already sold under his former rule. Upon this second judgment of foreclosure rendered subsequently to the sale and to the ordinary judgment, plaintiff now claims the money in the sheriff's hands.

As to the priority of lien originally held by the mortgagee there is no dispute. The question is whether his lien upon this fund has not been divested by his own act in taking his judgment of foreclosure. A mortgage is a specific lien upon the thing mortgaged. It extends to nothing else. Our statute has prescribed the way in which the interest vested by the mortgage in the mortgagee shall be realized and reduced to possession, which is by special judgment and sale under execution of the mortgaged premises. The effect of this

RICHMOND.

HOBBY
*v.*
PEMBERTON.

judgment and sale is not to enlarge the lien, but to transfer it from the thing mortgaged to the money for which it may sell ; and to this money the mortgagee is entitled, to the extent of his debt, and no further. The excess belongs to the mortgagor. But how is the extent or amount of the debt to be known ? Certainly not by the mortgage, for that is sunk and lost in the higher evidence. It must be ascertained by the judgment of the court, which is the highest possible evidence, and until reversed is conclusive upon the parties to it. How far the second rule absolute or judgment of foreclosure may affect the mortgaged premises, it is not necessary or proper now to say. It certainly, however, can affect nothing but the mortgaged premises.

The excess of money beyond the amount of the first judgment having been vested in the mortgagor, and so become subject to the claim of general judgments, can no more be reached by it than could any other money or property of the mortgagor. It is therefore ordered, that the sheriff pay over the money in dispute to the general judgment creditors of the mortgagor or to their attorneys according to the priority of lien among them.